Case Number:19-002378-CI

Filing # 87365073 E-Filed 04/05/2019 03:43:54 PM   Case 8:19-cv-01172-TRB-JSS Document 1-2   Filed 05/15/19   Page 1 of 31 PageID 5

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIVIL DIVISION**

Samantha Jung, an individual,

       Plaintiff,

Case No.:

v.

Hunter Warfield, Inc.
a foreign profit corporation,

       Defendant.

_____/

**COMPLAINT**

    **COMES NOW**, Plaintiff, Samantha Jung (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files her Complaint and sues Defendant, Hunter Warfield (hereinafter "Defendant"). In support thereof, Plaintiff alleges:

**PRELIMINARY STATEMENT**

    1.    This is an action for damages for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

    2.    Additionally, this is an action for Defendants' calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite Defendants' lacking Plaintiff's consent to make such calls to her cellular telephone.

**JURISDICTION, VENUE & PARTIES**

    3.    This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

1

***ELECTRONICALLY FILED 04/05/2019 03:43:53 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

4.     Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 34.01, 47.011, and 559.77(1), as well as 47 United States Code, Section 277(b)(3).

5.     Defendants are subject to the jurisdiction of this Court as Defendant regularly transacts business in this Circuit as the events described herein occur in this Circuit.

6.     Venue in this Circuit is proper because Defendants transacts business in this Circuit, and the events described herein occurred in this Circuit.

7.     At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

8.     At all material times herein, Defendant Hunter Warfield Inc., is a foreign profit company with a principal address of 4620 Woodland Corporate Blvd. Tampa, FL 33614.

## FCCPA, FDCPA AND TCPA STATUTORY STRUCTURE

9.     The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

2

11.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).  15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

12.     For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, or from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt.  *See* 15 U.S.C. §§ 1692(d)-(e).

13.     Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist.  *See* Fla. Stat. § 559.72(7) and 559.72(9).

14.     Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques.   Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

15.     Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at (5) and (12).

16.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual

monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

17.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

18.     At all material times herein, Defendants used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts allegedly due another.

19.     At all material times herein, Defendants are entities who regularly collect or attempt to collect, directly or indirectly debts owed or due, or asserted to be owed or due, to another from consumers in Pinellas County, Florida.

20.     At all material times herein, Defendants acted itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers and insurers.

21.     At all times material herein, Defendants attempted to collect an alleged debt due from Plaintiff, specifically an account ending in -5707 (hereinafter, "Debt").

22.     At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

23.     At all material times herein, Defendants received or was assigned the Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

24.     All necessary conditions precedent to the filing of this action occurred or have

been waived by Defendants.

## **FACTUAL ALLEGATIONS**

25.     On or about January 25, 2019, Plaintiff received a letter from Defendant pertaining to a debt. See Letter attached as Exhibit "A."

26.     Subsequently Defendant continued the barrage of relentless calls to collect on the alleged debt disregarding Plaintiff's initial revocation on February 16, 2019 at 9:54 A.M. and subsequently told them to stop calling on March 4, 2019 and March 6, 2019. See Call Log attached as Exhibit "B."

27.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number ending -1819 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV").

28.     Defendant's calls would leave automated voicemails and when Plaintiff would pick up the phone calls there was a brief pause before another representative was connected.

29.     Defendant would also change phone numbers in an effort to get Plaintiff to pick up the phone calls.

30.     Defendant continues the barrage of calls to this day.

31.     Plaintiff also alleges that the initial debt is illegitimate and that Plaintiff disputed the debt.

32.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending -1819.

33.     At no time herein did Defendant possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, and/or an APV.

5

34.     Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35.     Between February 2019 and today, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

36.     The immediately-aforementioned calls were made in an attempt to collect the Debt.

37.     Plaintiff has received no less than sixteen (16) calls from Defendant on her Cellular Telephone using an ATDS, a PTDS, and/or an APV, in violation of the TCPA, FDCPA and FCCPA within a span of 1 month.

38.     Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics on each and every call made to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls she is aware of that each caused stress, anxiety, and inability to use her Cellular Telephone when Defendant made such calls, all made in violation of the TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

39.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

40.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the

damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41.     Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by Defendant using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

42.     More specifically, Defendant used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* sixteen (16) times in its attempt to collect the Debt.

43.     At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on her Cellular Telephone.

44.     Additionally, if Defendant contends these phone calls were made for "informational purposes only," they nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's cellular phone using and an ATDS, a PTDS, or an APV.

45.     As a direct and proximate result of the immediately-aforementioned Defendant's conduct, namely on each of the Debt collection calls made, Plaintiff suffered:

a.      the periodic loss of her Cellular Telephone service;

b.      lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract;

c.      expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.      stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.      statutory damages.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

46.      Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) Willfully communicate with the debtor or any member of her or her family with such frequency as can reasonably be expected to harass the debtor or her or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or her family.

47.      Defendant was informed to cease communication verbally on three different occasions with Plaintiff and still continues to call almost every day.

48.       Specifically, at no time did Defendant have authority to contact the Plaintiff directly.

49.      As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

      a.      Judgment against Defendant declaring that Defendant violated the TCPA;

      b.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      c.      Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

      d.      Judgment against Defendant declaring that Defendant violated the FCCPA;

      e.      Judgment for actual damages in an amount to be determined at trial;

      f.      Judgment for an award of reasonable attorneys' fees and costs

      g.      An injunction against Defendant for any further violations; and

      h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

50.     Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

51.     Plaintiff hereby gives notice to Defendant, and demands that it and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

**Consumer Law Attorneys**

/s/ *Young Kim*

**Young Kim, Esq., FBN 122202**
2325 Ulmerton Rd., Ste. 16
Clearwater, FL 33762
Phone: (877) 241-2200
service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*

# Exhibit

# "A"

... may obtain ... from a registered credit agency ... report your account ...

... failing your payment obligations. The collection agent assigned to your account may ... ...

... to the collection agent handling your account, contact the collection ... at ... ...

**... ENT DISCLOSURES:**

**Payment by Check:** When you provide a check as payment, you authorize us either to use ... ... fund transfer from your account or to process the payment as a ... ... ... transfer, funds may be withdrawn from your account as soon as ... ... ... your financial institution.

... for Payment Fee Charges Should you submit a ... ... ... you by the payment service provider or possibly ... ... ...

... system for the purpose of collecting payment. Any payment ... or not required to accept rent through our electronic means established and approved by us. If you don't pay all rent on or before the _3rd_ day of the month, you'll pay a late charge ... of $ ... as collected and plus a late charge of $ ... ... after that date until paid in full. Daily late charges will not exceed ... ... for any single month's rent, no matter ... You'll also pay a charge of ... $ ... 75.00 ... for each returned check or rejected electronic payment, plus initial and daily late charges ... acceptable payment. If you don't pay rent on time, you'll be delinquent and all remedies under this Lease Contract will be authorized. We'll also have all other remedies for such violation ...

We and you agree that the failure to pay rent and to abide by the animal restrictions results in added administrative costs and added costs to us, the same as if we had to borrow money at 18% interest to pay costs of the property necessary to cover such losses. You also agree that the late fee and animal violations provisions constitute our liquidated damages since the added costs of the payment violations in such instances are difficult to determine. You also agree that the amount of late rent and animal violation charges are reasonable estimates of the administrative expenses and costs we will actually incur in such instances.

All of the foregoing charges will be ...



# Exhibit

# "B"



# HUNTER WARFIELD

Add tag ✎

+1 8███████████

History

Show your voicemails?

Show

Today 10:45 AM
Incoming call, 0 mins 18 sec

Mar 23 10:45 AM
Incoming call, 0 mins 16 sec

Mar 22 11:31 AM
Incoming call, 0 mins 16 sec

Add          Share          Block



# HUNTER WARFIELD

Add tag ✎

+1 8██████████

**History**

Show your voicemails?

Show

Today 10:45 AM
Incoming call, 0 mins 16 sec

Yesterday 11:31 AM
Incoming call, 0 mins 16 sec

Mar 21 10:19 AM
Incoming call, 0 mins 16 sec

+
Add

Share

🚫
Block



# HUNTER WARFIELD

Add tag ✎

+1 8 ██████████

📞          💬          📹

**History**

Show your voicemails?

Show

📲 **Today 10:19 AM**                    March 2 1
   Incoming call, 0 mins 16 sec

📲 **Yesterday 9:59 AM**                March 2 0
   Incoming call, 0 mins 18 sec

📲 **Mar 19 10:37 AM**
   Rejected call

➕                ✖                🚫
Add            Share           Block

**Mar 18 1:51 PM**
Rejected call

**Mar 16 10:53 AM**
Incoming call, 0 mins 21 sec

**Mar 15 12:48 PM**
Incoming call, 0 mins 38 sec

**Mar 14 11:39 AM**
Incoming call, 0 mins 16 sec

**Mar 13 11:26 AM**
Incoming call

**Mar 11 3:59 PM**
Incoming call, 0 mins 2 sec

**Mar 8 8:27 AM**
Incoming call, 0 mins 1 sec

**Mar 6 9:49 AM**
Incoming call, 0 mins 2 sec

+       <       ⊘
Add   Share   Block



# HUNTERWARFIELD

Add tag ✎

+1 8⬛⬛⬛⬛⬛⬛

📞 💬 📹

**History**

Show your voicemails?

Show

↙📞 **Today 3:10 PM**
Incoming call, 0 mins 13 sec

📞⊘ **Mar 12 3:49 PM**
Rejected call



➕ Add   ➤ Share   🚫 Block

4:29   86%

HUNTERWARFIELD

Add tag

+1 8█████████

History

Show your voicemails?

Show

Feb 15 3:09 PM
Missed call

Add   Share   Block

# HUNTERWARFIELD

Add tag ✎

+1 84█████████

History

Show your voicemails?

Show

Feb 16 9:54 AM
Incoming call

＋
Add

Share

🚫
Block

||| ◯ ‹